UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

=====================================
SIMON GROSS individually and
on behalf of all others similarly situated

                                      Plaintiff,

      -against-

CAPITAL MANAGEMENT SERVICES, L.P.

                                      Defendant.

=====================================

## CLASS ACTION COMPLAINT

### *I. Introduction*

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

1. Plaintiff Simon Gross brings this action to secure redress from unlawful collection practices engaged in by Defendant Capital Management Services, L.P. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II.   Parties

3. Plaintiff is a citizen of the State of New York who resides within this District.

4. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located in Buffalo, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III.   Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV.   Allegations

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about January 5, 2016, Capital Management Services, L.P. sent a collection letter to the Plaintiff Simon Gross. (see attached exhibit)

12. The said letter was an effort to collect on a consumer debt.

13. Defendant's said letter was deceptive and misleading as it simply identified the "Amount of Debt," but did not indicate that the balance may increase due to interest and fees.

14. The Plaintiff was left unsure whether the "Amount of Debt" was accruing interest as there was no disclosure that indicated otherwise.

15. A reasonable consumer could read the notice and be misled into believing that he could pay his debt in full by paying the amount listed on the notice.

16. In fact, however, since interest is accruing daily, or since there are undisclosed late fees, a consumer who pays the "Amount of Debt" stated on the notice will not know whether the debt has been paid in full.

17. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

18. The statement of an "Amount of Debt", without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

19. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to

consumers that is embodied in Section 1692e.

20. Collection notices that state only the "Amount of Debt," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

21. The Plaintiff and an unsophisticated consumer would be led to believe that the "Amount of Debt" would remain as is and that paying the amount due would satisfy the debt irrespective of when payment was remitted.

22. Yet in reality, interest was accruing on a daily basis and the Defendant has tried to collect this interest from the Plaintiff.

23. A consumer who pays the "Amount of Debt" stated on the collection letter will be left unsure whether the debt has been paid in full, as the Defendant could still collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

24. The Plaintiff alleges and avers that the Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

25. A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

26. 15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

the character, amount, or legal status of any debt; or

(10) the use of any false representation or deceptive means to collect or attempt

to collect any debt or to obtain information concerning a consumer.

27. The said letter is a standardized form letter.

28. On information and belief, the Defendant's collection letters, such as the said January 5, 2016 collection letter, number in the hundreds.

29. The Plaintiff alleges and avers that Defendant's January 5, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

30. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

31. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

32. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

33. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

34. The Plaintiff alleges and avers that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

35. The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

36. The FDCPA ensures that consumers are fully and truthfully apprised of

the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

37.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

38.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## V.   *Class Allegations*

39.     This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

40.     The identities of all class members are readily ascertainable from the records of Capital Management Services, L.P. and those business and governmental entities on whose behalf it attempts to collect debts.

41.     Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Capital Management Services, L.P., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

42. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

43. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

44. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

45. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

46.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims,

violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

47. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

48. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(I)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

49. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### *VI.  First Cause of Action*

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

> a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

    b) the collection letter was sent to a consumer seeking payment of a personal debt;

    c) the collection letter was not returned by the postal service as undelivered;

    d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

### *VII.     Violations of the Fair Debt Collection Practices Act*

52.  The Defendant's actions as set forth above in the within complaint violates the FDCPA.

53.  Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

54.  As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### *VIII.     Jury Demand*

55.  Plaintiff demands a trial by jury.

### *IX.     Prayer for Relief*

56.  Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1)  Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2)  Attorney fees, litigation expenses and costs of suit;

3)  An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

4)  Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
    January 3, 2017

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

698 1/2 SOUTH OGDEN STREET
BUFFALO, NY 14206-2317

**CAPITAL MANAGEMENT SERVICES, LP**
698 1/2 South Ogden Street Buffalo, NY 14206-2317
Office Hours: M-F 8 am - 9 pm ET
Sat 8 am - 1 pm ET
Toll Free: 1-877-335-6949, Fax: 716-512-6046

Reference# Redacted

Original Creditor: BARCLAYS BANK DELAWARE
Current Creditor: BARCLAYS BANK DELAWARE
Description: Barclaycard
Account Redacted
Amount of Debt: $619.59
AMOUNT ENCLOSED: _____

T9  P1******AUTO**MIXED AADC 140

Simon Gross
1244 49TH ST # 2
BROOKLYN, NY  11219-3011

Current Address: _____

Current Phone #: _____

PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT TO ADDRESS LISTED BELOW

January 05, 2016

*************45% SETTLEMENT OFFER*************

Dear Simon Gross:

On behalf of BARCLAYS BANK DELAWARE, Capital Management Services, LP. is willing to accept less than the full balance due as a settlement on the above mentioned account.  The settlement offer shall be $278.82 due in our office on or before 01/24/2016. We are not obligated to renew this offer.

If you choose to settle the account, upon clearance of sufficient funds, our records will be updated to reflect that the above account has been satisfied.  Once your account is settled for less than the full balance, Barclays Bank Delaware will send notification to the credit reporting agencies to reflect the settlement. Please allow Barclays Bank Delaware at least 30 days for the change to be updated on your credit bureau.  This letter is contingent on the clearance of all payments made towards the settlement.  If any payments made as part of the settlement fail to clear, this offer will be null and void.

You may send the settlement payment to Capital Management Services, LP. at 698 1/2 South Ogden Street Buffalo, NY 14206-2317.  Our representatives are trained to offer assistance regarding this obligation.  For account inquiries, you may contact Capital Management Services, LP. by calling 1-877-335-6949 Mon. through Fri. 8 am to 9 pm ET, Sat. 8 am to 1 pm ET. You may also make payments online at: www.cms-trans.com.

This settlement may have tax consequences.  If you are uncertain of the tax consequences, consult a tax advisor.

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

### ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS

This collection agency is licensed by the New York City Department of Consumer Affairs, License No. 1242722.

Please contact Ronnie Learman at 1-866-900-9732 with any questions or concerns.

1617/G7                                                                        Capman-122733.let   42064 * 20-BARCLAYS BANK DELAWARE-004601-NY * 6040



4285 Genesee Street  
Cheektowaga, NY  14225-1943

**NORTHSTAR LOCATION SERVICES, LLC**  
1-855-211-4583  
Hours Mon-Thurs 8AM-10PM ET,  
Fri 8AM-8PM ET, Sat 8AM-12PM ET

February 3, 2016

**Creditor:** BARCLAYS BANK DELAWARE  
**Account #:** ********** Redacted  
**Balance:** $630.19  
**Amount Remitted:** $ _____

201600000065257-LT1

1 AT   *A-01-O2R-AM-00318-2

SIMON GROSS  
1244 49TH ST # 2  
BROOKLYN NY 11219-3011



NORTHSTAR LOCATION SERVICES, LLC  
ATTN:  FINANCIAL SERVICES DEPT.  
4285 GENESEE ST  
CHEEKTOWAGA NY 14225-1943

*To ensure proper credit, return this portion with your payment.*

| Creditor | Account # | Balance | Amount Remitted |
|---|---|---|---|
| BARCLAYS BANK DELAWARE | ******* Redacted | $630.19 | |

The above account has been referred to our office by BARCLAYS BANK DELAWARE / BARCLAYCARD REWARDS MASTERCARD. Your account is listed as delinquent with a total amount due of $630.19.

Original Creditor: Barclaycard

Total Charge-Off Balance: $630.19

Total Amount of Payments Since Charge-Off: $.00

Total Interest Since Charge-Off: $.00

Total Fees Accrued Since Charge-Off: $.00

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

To make paying your account more convenient we offer the following payment options:
- Check-by-phone at 1-855-211-4583
- MoneyGram ExpressPayment
- Debit Card
- Web Pay at  www.gotonls.com
- Pay in person at our office
- Enclose your payment in the envelope

You may contact David Evtimovski toll free at 1-855-211-4583  to make your payment.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

ACA INTERNATIONAL

Payment website:  https://www.gotonls.com